IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEMETRIUS CUNNINGHAM, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
)
SHERATON CIVIC CENTER, et al.,) 97-C-1967-S
)
    Defendants. )

FILED
99 JAN 11 PM 2:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 11 1999

**MEMORANDUM OF OPINION DENYING MOTION TO DISMISS
AND COMPEL ARBITRATION**

The defendant ITT Sheraton Corporation's Civic Center Hotel ("Sheraton") has moved the court to dismiss this action and to compel arbitration. On the authority of *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054 (11th Cir. 1998), the motion is due to be denied.

I

Plaintiff Demetrius Cunningham complains in this action under 42 U.S.C. § 1981 that he was subjected to different terms and conditions of employment and constructively discharged by Sheraton because of his race. Sheraton seeks to compel arbitration of the plaintiff's claims because of its Alternative Dispute Resolution

Policy, which the plaintiff acknowledged by his signature while yet employed by Sheraton.[1]

> Under the terms of that policy:
>
> All Employees not represented by a union who continue employment after May 1, 1995, will be deemed to have accepted this Policy as the exclusive method to resolve Claims not resolved through normal human resource channels and thereafter neither Sheraton or the employee will litigate Claims against each other in court or in judicial type proceedings before administrative agencies.
> . . . .
> If the Claim is not resolved through Step 2, the Claim shall be settled by exclusive, final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (Arbitration Rules) which are in effect at the time the claim is submitted to the American Arbitration Association except to the extent the Arbitration Rules have been modified by this Policy.
> . . . .
> Sheraton and the Employee may each be represented by an attorney at the arbitration. Attorney fees and additional costs associated with having the attorney are the sole responsibility of the party hiring the attorney.
> **Fees and Expenses of Employee Arbitration**
> If the Employees [sic] Claim is upheld or modified, Sheraton will pay one hundred percent of the American Arbitration

---

[1] The plaintiff had worked for Sheraton four years when the policy was adopted. He was given the option of either acknowledging the policy or being terminated.

> Association's arbitration administrative fees and fees and expenses of the Arbitrator. If the Claim is not upheld, the Employee will pay fifty percent of the foregoing fees and expenses.

Alternate Dispute Resolution Policy, pp. 1-3.

The court judicially notices the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). To invoke arbitration, a party must file a claim with the AAA and simultaneously pay a filing fee. The amount of the filing fee depends on the amount of the claim, ranging from a minimum of $500 for a claim valued at $10,000 or less to a maximum of $5,000 for a claim valued above $1 million. When no amount is stated at the time of filing, the minimum filing fee is $1,500. For each day of hearing before a single arbitrator, an administrative hearing fee of $150 is payable by each party. The arbitrator's compensation is not included in the filing and fees. Unless the parties otherwise agree, the AAA sets the arbitrator's compensation; and unless otherwise agreed by the parties, the arbitrator's compensation and expenses are subject to allocation by the arbitrator in the award. The AAA may require the parties to deposit in advance of the hearing such sums as it deems necessary to cover all fees and

expenses of the arbitration, including the arbitrator's compensation. The hearing room is available on a rental basis, which must be paid by the parties. *See* 1993 WL 495832.

The court also judicially notes that the filing fee for a civil case in federal court is $150. A Title VII plaintiff may be entitled to court-appointed counsel. 42 U.S.C. § 2000e-(f)(1). Of course, the federal judge and courtroom come at no cost to the parties.

## II

"By agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute, it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). The law is clear that "the beneficiaries of public statutes are entitled to the rights and protections provided by the law," including "all of the types of relief that would otherwise be available in court." *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1482 (D.C. Cir. 1997).

Here, the high costs of invoking the arbitration machinery render it meaningless for the plaintiff. Fired from his job, he must somehow fork up thousands of dollars for the right to be heard by an arbitrator. Our circuit in *Paladino* held that "...costs of this magnitude [are] a legitimate basis for a conclusion that the [arbitration] clause does not comport with statutory policy." *Id.* at 1062. This court reaches precisely that conclusion.

By separate order, the defendant's Motion to Dismiss and Compel Arbitration will be denied.

DONE this 9th day of January, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

5